UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EDWARD CRAWFORD, *et al.*,<br>Plaintiffs, | Case No. 1:14-cv-812 |
| | Dlott, J. |
| vs. | Litkovitz, M.J. |
| KATZ, GREENBERGER, AND<br>NORTON, *et al.*,<br>Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiffs Edward Crawford and Joanne Summerow, proceeding pro se, bring this action against defendants Katz, Greenberger and Norton and its employees Scott Spangenberg and Cara Cooper (the Katz defendants) and Drexel at Oakley, Investor, LLC, Lincoln Property Management, and Valarie Jackson (the Drexel defendants), alleging, among other things, violations of the Fair Debt Collection Practices Act (FDCPA). (Doc. 3). This matter is before the Court on defendants' joint motions to dismiss (Docs. 9, 13) and plaintiffs' memoranda in opposition (Docs. 14, 16).

## I. Background

Plaintiffs filed their complaint in this matter on October 22, 2014. (Doc. 3). The complaint asserts claims against the Katz and Drexel defendants for violations of the Fair Credit Reporting Act, the FDCPA, the Ohio Consumer Collection Practices Act, the Ohio Deceptive and Unfair Trade Practices Act, the Ohio Residential Landlord and Tenant Act, the Fair Housing Act, as well as state law claims of intentional infliction of emotional distress, consumer fraud, trespass, conversion, constructive eviction and conspiracy. (*Id*. at 1). The complaint sets forth the following factual allegations.

Plaintiffs are prior tenants of an apartment complex managed by the Drexel defendants. In approximately June 2014, the Drexel defendants sent plaintiffs a notice to vacate their

residence for non-payment of rent. (Doc. 3, ¶ 11). Plaintiffs requested validation of the debt from the Drexel defendants on June 12, 2014, because the notice to vacate provided "at least 7 different amounts" as to the alleged debt. (*Id.*). Plaintiffs and the Drexel defendants exchanged several communications about the alleged debt through June and July 2014, including a notice that plaintiffs disputed the alleged debt. (*Id.*, ¶¶ 12-13, 21-23). Plaintiffs received a notice from the Katz defendants dated July 25, 2014, informing them that the Drexel defendants had enlisted the Katz defendants to collect the alleged debt from plaintiff. (*Id.*, ¶ 17). Defendants did not provide a response to plaintiffs request but continued their attempts to collect the debt through August 2014. (*Id.*, ¶¶ 12-14). Defendants did not respond to plaintiffs' September 2014 attempt to settle the debt and instead continued their attempts to collect by testifying and obtaining a "void judgment. . . ." (*Id.*, ¶ 15).

Plaintiffs allege that defendants' conduct violated the FDCPA because defendants made daily demands for payment; did not validate the debt as required under 15 U.S.C. § 1692g(a); made deceptive or misleading representations in violation of 15 U.S.C. § 1692e(2)(A), (9) and (13); and continued to attempt to collect the alleged debt after being notified that it was in dispute. (*Id.*, ¶¶ 19(a), 26(a)-(d), 30, 35(a)). Plaintiffs allege this conduct also violated the Ohio Consumer Protection Act. (*Id.*, ¶¶ 36-38). Plaintiffs further allege defendants are liable for intentional infliction of emotional distress because they engaged in the alleged debt collection practices while knowing that plaintiffs were disabled seniors on a low and fixed income and because they evicted plaintiffs without providing them written notice, service of summons, or a court hearing. (*Id.* ¶¶ 75-82). Defendants' conduct of initiating an eviction action against plaintiffs also serves as the foundation of their Ohio Unfair and Deceptive Trade Practices Act

2

claim as well as their Ohio state law constructive eviction, conversion, and trespass claims. (*Id.*, ¶¶ 51-56, 153-61). Plaintiffs' complaint includes additional claims alleging that defendants' conduct violated several federal acts, including the Americans with Disabilities Act, as well as plaintiffs' First, Fifth, Sixth, and Fourteenth Amendment rights. (*Id.*, ¶¶ 13-17). Plaintiffs seek punitive, statutory, and actual damages in excess of $8,000,000.

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S.

3

89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. Resolution

Defendants move to dismiss plaintiff's complaint under Fed. R. Civ. P 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56(c), asserting plaintiffs' claims are barred by the doctrine of res judicata. Defendants maintain they previously filed a complaint against plaintiffs in the Hamilton County Municipal Court regarding the matters that form the basis of plaintiffs' federal complaint. Defendants assert that the counterclaims raised by plaintiffs in the state court action were dismissed by the state court on remand after plaintiffs' request to remove the matter to federal court was denied by this Court. Because plaintiffs had the opportunity to litigate in the state court action the claims they now raise in the instant federal lawsuit, defendants contend that plaintiffs' claims are barred by res judicata. Defendants further argue that dismissal is appropriate because despite individually naming Cara Cooper – a bankruptcy paralegal with Katz, Greenberger and Norton – as a defendant, plaintiffs have not alleged any factual allegations relating to Ms. Cooper and she is in privity with the state court defendants in any event. (Doc. 9).

Defendants have submitted the following exhibits in support their motions:

1) the Drexel defendants' forcible entry and detainer state law complaint against plaintiffs[1] (Doc. 9, Ex. 1);

2) the July 7, 2014 recommendation of the Hamilton County Municipal Court magistrate that the Drexel defendants' writ of restitution for the premises at issue be granted, i.e., that they prevail on their claims, which was adopted (*Id.*, Ex. 2A);

3) the docket sheet of the state litigation showing that the writ of restitution issued on July 15, 2014 and that plaintiffs filed a motion to vacate judgment on July 16, 2014, and filed their first amended answer, defenses, and counterclaims against the Drexel defendants and the Katz defendants on August 22, 2014 (*Id.*, Ex. 3);

4) a copy of plaintiffs' first amended answer, defenses, and counterclaims filed in the state court matter wherein plaintiffs raise counterclaims for, among other things, violations of the FDCPA and various state and federal tort claims that are identical to the claims raised in the instant lawsuit (*Id.*, Ex. 4);

5) the Hamilton County Municipal Court magistrate's recommendation that plaintiffs' motion to vacate be overruled and their counterclaims be dismissed (*Id.*, Ex. 2B);

6) this Court's October 7, 2014 Order denying plaintiffs' motion to remove the state court case to the United States District Court for the Southern District of Ohio and remanding it to the Hamilton County Municipal Court (*Id.*, Ex. 5); and

7) the October 16, 2014 Hamilton County Municipal Court Order entering judgment in favor of the Drexel defendants in the amount of $5,049.70 plus interests and costs. (*Id.*, Ex. 2C).[2]

---

[1]The Drexel defendants were the plaintiffs in the state law case and plaintiffs were the defendants. The

In their responses in opposition, plaintiffs claim the documents attached to defendants' motions "are defective on their face" and are "hearsay evidence." (Doc. 14 at 1). Plaintiffs further claim that their complaint is subject to the notice pleading standard set forth in Fed. R. Civ. P. 8(a). (*Id.* at 2). Plaintiffs further recite the findings of an Indiana appellate court and cite to various federal court matters in support of their argument that they have stated valid FDCPA claims. (*Id.* at 4-7). Plaintiffs also appear to challenge the defendants' standing in this matter. *See id.* at 8-14.

Plaintiffs' claims should be dismissed because they are precluded by the doctrine of res judicata. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980). *See also* 28 U.S.C. § 1738; *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). This means that "if an individual is precluded from litigating a suit in state court by the traditional principles of res judicata,[3] he is similarly precluded from litigating the suit in federal court." *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (citation

---

Court refers to the parties by their party status in this matter to avoid unnecessary confusion.

[2] Defendants have also submitted an affidavit authenticating these exhibits as well as an additional exhibit – a July 25, 2014 letter sent by the Drexel defendants to plaintiffs which purports to serve as verification of plaintiffs' alleged debt. *See* Doc. 9, Exhs. 6A-6C. The Court has not considered this evidence in resolving the instant motions.

[3] "Res judicata involves two forms of preclusion. Claim preclusion provides that 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The doctrine of issue preclusion, otherwise known as collateral estoppel, provides that 'a decision precludes relitigation of the same issue on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment.' *Duncan v. Peck,* 752 F.2d 1135, 1138 (6th Cir. 1985)." *Lynch*, 826 F.2d at 1537, n.1.

omitted)). If a state court would prohibit relitigation of claims that could have been but were not raised in the earlier state court action, then such claims are precluded in a subsequent federal action. *Migra*, 465 U.S. at 83. The prior state court action will preclude litigation in federal court when the litigant against whom the preclusive effect is sought had a full and fair opportunity to litigate the claims or issues decided by the state courts. *Allen*, 449 U.S. at 104. A federal court must resort to state law to determine the preclusive effect of a state court ruling. *Migra*, 465 U.S. at 81, 84. *See also Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001).

"It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit." *Nat'l Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (citations and quotations omitted) (emphasis in the original). *See also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995) ("[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."); *State v. Dick*, 738 N.E.2d 456, 460 (Ohio Ct. App. 2000) ("res judicata bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, *whether or not that particular claim was litigated*, so long as there has been a valid, final judgment rendered upon the merits.") (emphasis in the original) (citing *Grava*, 653 N.E.2d at syllabus). Under Ohio law, res judicata bars a claim when: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was

the subject matter of the previous action. *Portage Cty. Bd. of Comm'rs v. City of Akron*, 846 N.E.2d 478, 495 (Ohio 2006). A "transaction" is defined as a "common nucleus of operative facts." *Id.* (citation omitted).

Plaintiffs' claims and the factual allegations in their federal complaint arise out of the same transactions that were the subject of the litigation before the Hamilton County Municipal Court. Indeed, many of the allegations in the federal complaint are identical to the allegations raised in their state court counterclaims.[4] *Compare* Doc. 3 at 2-10 *with* Doc. 9, Ex. 4 at 5-15. Even a cursory review of these documents demonstrates that plaintiffs' claims before this federal Court arise out of the "common nucleus of operative facts" as the counterclaims they raised in the state court litigation. *See Dick*, 738 N.E.2d at 460 (citing *Grava*, 653 N.E.2d at syllabus); *Portage Cty Bd. of Comm'rs*, 846 N.E.2d at 495. Plaintiffs' initiation of this lawsuit is an obvious attempt to relitigate the counterclaims that were previously dismissed by the Hamilton County Municipal Court. *See* Doc. 6, Exhs. 2B-2C (court orders from the Hamilton County Municipal Court showing that plaintiffs' state law counterclaims were dismissed and that judgment was entered in favor of defendants). This federal Court is required to give the same preclusive effect to the previous state court judgment as would be given by the Ohio courts. *Migra,* 465 U.S. at 83-84, 85. Thus, plaintiffs' claims raised in this federal action are barred by the doctrine of res judicata which renders the judgment in the prior Ohio state court case binding as to all issues which were litigated or could have been litigated. Accordingly, defendants' motions to dismiss plaintiffs' claims on the basis of res judicata should be granted.

---

[4]The Court "may take judicial notice of other court proceedings without converting [the defendants' Rule 12(b)(6) motion to dismiss] into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010).

8

The only argument plaintiffs raise in opposition to defendants' res judicata argument is that the Hamilton County Municipal Court documents submitted by defendants are apparently "defective on their face" because plaintiffs have "not had the opportunity to verify" their authenticity. *See* Doc. 14 at 1. Documents that are public court records need not be "verified" by plaintiffs before this federal Court may consider them. The Court may take judicial notice of proceedings in other court actions, *National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999), and the Court has done so in this case by accessing the online docket for the Hamilton County Municipal Court. *See* http://www.courtclerk.org/case_summary.asp?sec=doc&casenumber=14 CV13633 (last visited May 13, 2015).[5] In the absence of any legitimate challenge to the authenticity of the public court records and for the reasons stated above, plaintiffs' complaint against defendants is barred by the doctrine of res judicata and should be dismissed.

## IV. Conclusion

For the reasons stated above, the Court finds that plaintiffs' claims against defendants as alleged in their complaint are barred by the doctrine of res judicata. Accordingly, **IT IS HEREBY RECOMMENDED THAT** that defendants' motions to dismiss (Docs. 9, 13) be **GRANTED** and that plaintiffs' complaint be **DISMISSED** and this matter be closed on the docket of the Court.

Date: 5/18/2015
s/Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

---

[5]The Court accessed plaintiffs' pleading in the state court action through the Hamilton County Municipal Court's online docketing system because the document submitted by defendants does not contain a stamp verifying that it was filed with the Hamilton County Municipal Court. *See* Doc. 9, Ex. 4.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EDWARD CRAWFORD, *et al.*, <br> Plaintiffs, | Case No. 1:14-cv-812 |
| vs. | Dlott, J. <br> Litkovitz, M.J. |
| KATZ, GREENBERGER, AND NORTON, *et al.*, <br> Defendants. | |

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).